| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC# _____<br>DATE FILED: 3/31/09 |

----------------------------------- x

GEORGE PANTOJA,

            Plaintiff,        :     08 Civ. 7535 (LAP) (AJP)

        -against-         :     **REPORT AND RECOMMENDATION**

NEW YORK STATE DIVISION OF PAROLE,
et al.,

           Defendants.

----------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Loretta A. Preska, United States District Judge:**

    Pro se plaintiff George Pantoja has failed to participate in discovery and failed to respond to Court orders, and accordingly his case should be dismissed with prejudice.

    The history of Pantoja's actions are set forth in this Court's March 3, 2009 Memo Endorsed Order. (Dkt. No. 25.) At the January 26, 2009 conference (the last conference Pantoja attended), the Court ordered him to appear at defense counsel's office on February 10, 2009 at 10 a.m. for his deposition, and scheduled the next Court conference for February 19, 2009. (See Dkt. No. 23: 1/26/09 Conf. Tr. at 6, 11-12.) On February 10, however, Pantoja called defense counsel and "cancelled" his deposition. By Memo Endorsed Order dated February 11, 2009, the Court ordered Pantoja to reimburse defense counsel for the reporter's fee for the cancelled deposition and further ordered that "Mr. Pantoja is to appear for his deposition ASAP or will face sanctions, that

H:\OPIN\

my include dismissal of his case." (Dkt. No. 17: 2/11/09 Memo Endorsed Order.) Pantoja signed the certified mail return receipt for that order.

By Memo Endorsed Order of February 17, 2009, the Court ordered Pantoja's deposition to take place on February 19, immediately after the Court conference scheduled for that day, and again warned that "[i]f Mr. Pantoja does not attend [the deposition], he faces sanctions including dismissal of his case." (Dkt. No. 20: 2/17/09 Memo Endorsed Order.) The Court sent the Order certified, return receipt, and the return receipt was signed on Pantoja's behalf on February 19; in addition, the Court had directed defense counsel to send a copy to Pantoja by Federal Express, so he would receive it on February 18.

On February 19, 2009, Pantoja did not attend the Court conference (see Dkt. No. 26: 2/19/09 Conf. Tr.) – which had been scheduled in his presence at the prior conference (see above) – nor did he show up for his deposition that day. The Court accordingly issued an Order to Show Cause, as follows:

> Plaintiff George Pantoja failed to appear at today's conference (which was scheduled in plaintiff's presence at the January 26, 2009 conference). Plaintiff is to show cause, in writing, by March 2, 2009, why he should not be monetarily sanctioned or have his case dismissed (either with or without prejudice) for his failure to appear.
>
> Plaintiff Pantoja also has failed to appear for his deposition. His deposition is now scheduled for March 3, 2009 at 10:30 a.m. at Ms. Dawkins' office. If Mr. Pantoja fails to appear at that time for his deposition, his case will be dismissed.

(Dkt. No. 21: 2/19/09 Order to Show Cause.) Again, the return receipt was signed for on behalf of Mr. Pantoja. Nevertheless, Pantoja did not respond to the Order to Show Cause, nor did he appear for his deposition on March 3.

Finally, on March 3, 2009, the Court gave Pantoja one last chance, directing that "Mr. Pantoja is to <u>show cause in writing</u> by <u>3/24/09</u> why his case should not be dismissed for failure to attend his deposition, failure to obey court orders and failure to prosecute. If Pantoja does <u>not</u> show cause by 3/24, his case <u>will</u> be dismissed." (Dkt. No. 25: 3/3/09 Memo Endorsed Order.) The certified mail return receipt was signed by Mr. Pantoja, but he has not responded to the Order to Show Cause.

Accordingly, the Court should dismiss Pantoja's case with prejudice for failure to appear for his deposition and for court hearings, failure to prosecute and failure to obey Court orders.

## **FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, 500 Pearl Street, Room 1320, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Preska (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas</u> v. <u>Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985); <u>IUE AFL-CIO Pension</u>

Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated:   New York, New York
         March 31, 2009

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to:   George Pantoja (Regular & Certified Mail)
             Julinda Dawkins, Esq. (Fax)
             Judge Loretta A. Preska